IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION


CHRISTOPHER PATRICK CARROLL, §
TDCJ-CID NO. 617588 §
       Petitioner, §
§
V. §     C.A. NO. C-05-216
§
DOUG DRETKE, Director, §
Texas Department of Criminal Justice, §
Correctional Institutional Division, §
       Respondent. §


**MEMORANDUM AND RECOMMENDATION**
**TO GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

In this habeas corpus action, petitioner Christopher Carroll challenges the

findings and punishment assessed him at a disciplinary hearing held on October 8,

2004. (D.E. 1, at 2). Mr. Carroll was found guilty of sexual misconduct and

disobeying an officer's order. DHR at 1.[1] His punishment was assessed at a loss of

thirty days of good-conduct credits. Id. Respondent moved for summary judgment

on the petition for a writ of habeas corpus. (D.E. 13). Petitioner failed to file a

response to the motion for summary judgment.[2]

---

[1] Records relating to the disciplinary hearing held on October 8, 2004 are identified at "DHR," and the records relating to Mr. Carroll's grievance records are identified as "DGR."

[2] Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition.

It is respectfully recommended that the Court grant respondent's motion for summary judgment because petitioner's loss of thirty days of good-conduct credits was de minimis, and therefore, does not give rise to constitutional due process concerns. In the alternative, if the Court finds that the petitioner's claims do give rise to due process concerns, it is respectfully recommended that the Court grant respondent's motion for summary judgment on the basis that petitioner's due process rights were not violated.

## I. JURISDICTION

The Court has jurisdiction pursuant to 28 U.S.C. § 2241 and § 2254.

## II. BACKGROUND

The Director has lawful custody of Mr. Carroll pursuant to a judgment and sentence of the 1st Judicial District of Tarrant County, Texas, in cause number 0339340D. (D.E. 13, at Exhibit A, *1). Mr. Carroll pleaded guilty to the offense of burglary of a habitation, and was sentenced, on April 24, 1992, to thirty-five years imprisonment to be served in the TDCJ-CID. Id. at *2.

Mr. Carroll is not complaining about his underlying conviction, but challenges the findings of a disciplinary hearing. (D.E. 1, at 5). On October 8 2004, he was disciplined for allegedly engaging in sexual misconduct, a Level 2, Code 20.0 offense, and failing to follow an order, a Level 2, Code 24.0 offense. DHR at 2. In her offense report, Officer Gonzales claimed that in the midst of

performing a roster count, she found Mr. Carroll naked, and that he exposed his penis to her with the intent to arouse himself.  Id.  Officer Gonzales further claimed that she ordered Mr. Carroll to get dressed, and he refused to get dressed.  Id.

In his Step One grievance, Mr. Carroll claimed that he was attempting to sleep when the encounter occurred with Officer Gonzales.  DGR at 1.  He claims he was sleeping in the nude because his cell was not properly ventilated so it was very hot.  Id.  He stated that he was unable to obey the order because he did not have a sheet, and his boxers were wet from washing because he was not given the proper daily issuance of clothing.  Id.  Mr. Carroll also asserted in his Step Two grievance that he was sleeping in the nude when the encounter occurred, and that he had no clean clothes.  Id. at 3.  In addition, in the Step Two grievance, Mr. Carroll claimed that he was a homosexual, and that his prior Code 20.0 offenses had occurred with men, which was ignored by the disciplinary hearing officer.  Id.

Mr. Carroll was found guilty of both offenses, and received as punishment a loss of thirty days of good-conduct credits.  DHR at 1.  In response to the findings and punishment assessed against him at the disciplinary hearing, Mr. Carroll filed a Step One grievance, which was denied.  DGR at 1-2.  Warden Castillo found, based on his review of the disciplinary hearing, that no procedural errors had occurred, and there was sufficient evidence to support the guilty verdict.  Id. at 1.  Mr. Carroll then filed a Step Two grievance, which was also denied.  Id. at 3-4.  The denial

stated Mr. Carroll's claims of error were to be without merit, and that the guilty

finding was supported by sufficient evidence, and there were no apparent

procedural errors. DGR at 4. He filed the instant habeas corpus action on April 22,

2005.

### III. PETITIONER'S ALLEGATIONS

In his petition, Mr. Carroll makes the following claims:

1.     He was denied effective assistance of counsel at his disciplinary

hearing because counsel substitute did not aid him in the presentation

of facts concerning the area where the petitioner was housed; and

2.     His due process rights were violated by the hearing officer because he

failed to consider exculpatory evidence presented at the disciplinary

hearing.

(D.E. 1, at 7).

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Respondent does not dispute that Mr. Carroll has exhausted his

administrative remedies. (D.E. 13, at 3).

### V. STANDARD OF REVIEW

**A.     Federal habeas corpus review.**

To warrant federal habeas corpus review, a state prisoner must satisfy two

jurisdictional prerequisites: first, that he is in custody, and second, that his claims

4

challenge the constitutionality of that custody.[3]  28 U.S.C. § 2241(c)(3), § 2254(a);

see also Gray v. Lynn, 6 F.3d 265 (5th Cir. 1993) (state prisoner must assert a

violation of a federal constitutional right to obtain review of state decision pursuant

to 28 U.S.C. § 2254); Boyd v. Scott, 45 F.3d 876 (5th Cir. 1994) (a federal writ of

habeas corpus is available to a state prisoner only on the ground that he is in

custody in violation of the Constitution or laws and treaties of the United States).

Appropriate habeas corpus claims are those that call into question the fact, length,

or conditions of the petitioner's custody and seek an immediate or speedier release.

See Preiser v. Rodriguez, 411 U.S. 475 (1973); Jackson v. Torres, 720 F.2d 877, 879

(5th Cir. 1983) (per curiam).

**B.     Motion For Summary Judgment.**

Rule 56 of the Federal Rules of Civil Procedure applies to habeas corpus

cases.  Clark v. Johnson, 202 F.3d 760, 764 (5th Cir. 2000).  Summary judgment is

appropriate when there is no disputed issue of material fact and one party is entitled

to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The court must consider the

record as a whole by reviewing all pleadings, depositions, affidavits, and

admissions on file, and by drawing all reasonable inferences in favor of the party

opposing the motion.  Caboni v. Gen. Motors Corp., 278 F.3d 448, 451 (5th Cir.

2002).

---

[3] See 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 9.1 (1998)
(identifying the two jurisdictional prerequisites as "custody" and "substance, or federal question").

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988). The controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party. Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that summary judgment is not appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fields v. City of S. Houston, 922 F.2d 1183, 1187 (5th Cir. 1991). The non-movant cannot rest on the mere allegations of the pleadings to sustain his burden, but must set forth material controverted facts in his response to the motion for summary judgment. Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof. ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995); Celotex, 477 U.S. at 322-23.

# VI.  DISCUSSION

## A.  Habeas Petition Must Establish a Violation of a Due Process Right.

In order to be granted a writ of habeas corpus, a state prisoner must show that he is in custody in violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2254.  The Supreme Court has held that states may create liberty interests, vested in its inmates, which are protected by the Due Process Clause.  Sandin v. Conner, 515 U.S. 472, 484 (1995).  The Supreme Court further held:

> The time has come to return to the due process principles we believe were  correctly established and applied in [Wolff v. McDonnell, 418 U.S. 539 (1974)] and [Meachum v. Fano, 427 U.S. 215 (1976)].  Following Wolff, we recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause.  But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Id. at 483-84 (internal citations omitted).  The Fifth Circuit has determined, however, that "these interests are generally limited to state created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner."  Madison v. Parker, 104 F.3d 765, 767 (5th Cir. 1997).

Mr. Carroll's petition involves the loss of thirty days of good-conduct credits.

7

DHR at 1. Good-conduct credits are taken into consideration by officials for parole

and mandatory supervision release purposes. In Texas, there are two ways that an

inmate becomes eligible for early release: parole, or mandatory supervision.

Madison, 104 F.3d at 768. Parole consists of a discretionary and conditional release

of an eligible inmate to serve the remainder of his sentence under the supervision

and control of the pardons and parole divisions. Id. (citing Tex. Code Crim. Proc.

Ann. art. 42.18 § 2(1) (Vernon 1996)). Mandatory supervision is the release of an

inmate to serve the remainder of his sentence under the supervision of the pardons

and paroles division. Id. (citing Tex. Code Crim. Proc. Ann. art. 42.18 § 2(2)

(Vernon 1996)).

The Fifth Circuit has held that because it is extremely speculative whether an

inmate may be released on parole, "there is no constitutional expectancy of parole

in Texas." Id. Thus, to the extent Mr. Carroll claims that his loss of good-conduct

credits affects his parole eligibility, he fails to state a constitutional claim upon

which habeas relief can be granted. He is only entitled to due process in the context

of lost good-conduct credits if he has a liberty interest in mandatory supervision.

The Fifth Circuit has determined that prior to September 1, 1996, the Texas'

mandatory supervision program created a constitutional expectancy of early

release.[4]  Malchi v. Thaler, 211 F.3d 953, 957-58 (5th Cir. 2000).  Under mandatory

supervision release, because a Texas prisoner does not have a constitutional

expectancy of release on a specific day, "a *de minimis* delay of a few days in a

prisoner's mandatory supervision release would not give rise to a constitutionally

cognizable claim."  Id. at 958.  On the other hand, a six-month delay would be more

than de minimis and may give rise to a constitutional claim.  Id.  In dicta, the Fifth

Circuit stated that "[a] 30-day delay of a mandatory supervision release might be *de

minimis* and therefore not give rise to a due process claim."  Richards v. Dretke,

394 F.3d 291, 294 n.5 (5th Cir. 2004).[5]

It is assumed that Mr. Carroll meets all of the eligibility requirements for

---

[4] The Fifth Circuit stated this constitutional expectancy was created by, the now repealed, article 42.18 § 8(c) of the Texas Code Criminal Procedure Annotated, which reads "a prisoner who is not on parole shall be released to mandatory supervision by order of a parole panel when the calendar time he has served plus any accrued good conduct time equal the maximum term to which he was sentenced."  Id.  Article 42.18 § 8(c) was amended September 1, 1996, and subsequent to the amendment the whole body of Article 42.18 was repealed effective September 1, 1997.  In determining what law applies, it is the date of the offense, not sentencing, that controls. See Ex parte Marby, 137 S.W.3d 58, 60 (Tex. Crim. App. 2004) (savings clause included "reflect[s] clear intention by the Legislature to apply old law to prisoners serving a sentence for an offense committed prior to the September 1, 1996 effective date.").  Mr. Carroll was convicted of burglary of a habitation, which occurred on April 16, 1988.  (D.E. 13, at Exhibit A, *2).  The statutory scheme in place at the time of the commission of his offense was the version of article 42.18 § 8(c) that the Fifth Circuit held created a constitutional enforceable liberty right.

[5] Following this line of reasoning, the United States District Court for the Northern District of Texas held "that 30 days, which represents less than one-fourth of one percent of Petitioner's sentence, is *de minimis* and constitutional due process concerns are not implicated."  Teague v. Dretke, _ F. Supp.2d _, No. 7:02-CV-248-R, 2005 WL 2108693, at *3 (N.D. Tex. July 26, 2005). Mr. Carroll's loss of good-conduct credits is strikingly similar to the petitioner in Teague.  In both cases, the loss of good-conduct credits equated to less than one-fourth of one percent of the petitioners' total sentence.

mandatory supervised release pursuant to Article 42.18 § 8(c), and therefore, is

entitled to mandatory supervision release.[6]  Mr. Carroll is serving a thirty-five year

sentence for burglary of a habitation.  (D.E. 13, at Exhibit A, *2).  His punishment

at the disciplinary hearing was a loss of thirty days of good-conduct credits.  DHR

at 1.

The deprivation of thirty days of good-conduct credits from a prisoner

serving a thirty-five year sentence seems to fall within the range of a de minimis

delay that does not give rise to constitutional concerns.[7]  The Fifth Circuit has held

that somewhere between a few days to six months lies a demarcation of when a

prisoner possesses a constitutionally protected liberty interest, in good-conduct

credits, and when he does not.  Malchi, 211 F.3d 953.  Moreover, it has indicated, in

dicta, that a thirty-day delay, resulting from a loss of good-conduct credits, would

be considered de minimis.  Richards, 394 F.3d at 294 n.5.  Based on this reasoning,

---

[6] Under Texas law, inmates are not eligible for release on mandatory supervision if they
are serving a sentence for certain crimes.  Tex. Code Crim. Proc. Ann. art. 42.18 § 8(c) (Vernon
1994) (repealed).  After repealing the aforementioned statute, the Legislature moved the contents
of mandatory supervision to the Texas Government Code § 508.149.  The State does not challenge
Mr. Carroll's eligibility for mandatory supervision release.  Indeed, the records submitted by the
State indicate that Mr. Carroll is entitled to mandatory supervision.  (D.E. 13, at Exhibit A, *1).
Instead the State challenges whether he has a cognizable constitutional liberty interest in the loss of
thirty days of good-conduct credits, which the State argues should be considered de minimis.

[7] The thirty day loss of good-conduct credit by Mr. Carroll represents 0.23% of his total
sentence.  The loss reflects less than a quarter of one percentage of his whole sentence.  It seems to
be squarely within the concept of de minimis, Latin for "of the least," which means trifling, or
minimal.  Blacks Law Dictionary 464 (8th ed. 2004); see also Teague, _ F. Supp.2d _, 2005 WL
2108693, at *3.

it appears that Mr. Carroll does not have protected liberty interest in his good-conduct credits, but rather, suffered a de minimis delay in his release that is not constitutionally protected.

It is respectfully recommended that the Court find that Mr. Carroll's loss of thirty days of good-conduct credits was de minimis, and therefore, constitutional due process concerns are not implicated. Even if the Court finds that his due process rights are implicated, it is respectfully recommended that the Court grant the motion for summary judgment based on the merits, due to petitioner's failure to prove a violation of his due process rights.

**B.      Mr. Carroll's Due Process Rights Were Not Violated.**

Mr. Carroll alleges violations of his due process rights occurred at the disciplinary hearing because of ineffective assistance of his counsel substitute, and insufficient evidence to support a finding of guilt against him. (D.E. 1, at 7). He claims that his counsel substitute failed to present known facts concerning the area where he was housed. Id. More specifically, he alleges that it was a known fact that this "transient area" was not issued daily clothing. Id. Concerning the sufficiency of evidence, Mr. Carroll alleges that the hearing officer failed to consider exculpatory evidence presented by him at the disciplinary hearing. Id. He claims he told the hearing officer that he did not have a sheet, or clean clothes, and that is why he was unable to follow the order given by Officer Gonzales. Id.

11

**1.      Disciplinary Hearing Requirements.**

A prison disciplinary hearing is not part of a criminal prosecution, and

therefore, "the full panoply of rights due a defendant in such proceedings does not

apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). The Supreme Court held

that due process requires an inmate facing a disciplinary action be provided: (1) a

written notice of the disciplinary action charges, at least twenty-four hours before

the hearing; (2) a written statement by the fact finder of the evidence and reasons

for the disciplinary action; and (3) an opportunity to present evidence and call

witnesses in his defense, if not unduly hazardous to institutional safety or

correctional goals. Id. at 564-66.

Based on a review of the records, it appears the State did follow the due

process requirements set out by the Supreme Court in Wolff. Mr. Carroll was

provided with notice of his disciplinary hearing on October 5, 2004. DHR at 1.

The hearing took place on October 8, 2004, which is well over the twenty-four hour

notice period required by Wolf. Id. He was also informed of his right to present

documentary evidence, call and question witnesses, as well as call and question the

charging officer. Id. at 5. He did not request any witnesses be present at the

hearing to testify on his behalf, or offer any documentary evidence to support his

assertion of innocence, at the disciplinary hearing. Id. Finally, Mr. Carroll was

provided with a report of the disciplinary hearing along with evidence relied on by

the hearing officer and the reason for the actions taken.  Id. at 1.

Mr. Carroll was provided with the specific due process requirements for an inmate facing a disciplinary hearing as enunciated by the Supreme Court in Wolf.

## 2.    Ineffective Assistance of Counsel Substitute.

Mr. Carroll alleges his due process rights were deprived because his counsel substitute did not aid in the presentation of known facts concerning the area where the inmate was held.  (D.E. 1, at 7).  This claim is wholly without merit.  The Supreme Court has held inmates do not have the right to counsel at disciplinary proceedings.  Wolff, 418 U.S. at 570.  Accordingly, Mr. Carroll did not possess a constitutional right to counsel, and therefore, cannot complain he received inadequate assistance from counsel at his hearing.  Wainwright v. Torna, 455 U.S. 586, 587-88 (1982) (per curiam) (holding a respondent, who does not have a constitutional right to counsel, cannot be deprived of effective counsel); accord Moore v. Cockrell, 313 F.3d 880, 882 n.9 (5th Cir. 2003) (quoting Wainwright); Jackson v. Johnson, 217 F.3d 360, 364 & n.21 (5th Cir. 2000) (same).

## 3.    Sufficient Evidence To Support Guilty Finding at Disciplinary Hearing.

Mr. Carroll alleged that the disciplinary hearing officer failed to consider exculpatory evidence he presented at the disciplinary hearing, and therefore, he claims his due process rights were violated.  He testified at the disciplinary hearing that he did not have sheet, or any clothes to put on, and that was why he was

13

physically unable to follow Officer's Gonzales order. (D.E. 1, at 7).

The Fifth Circuit stated that while courts are required to recognize a constitutional duty to protect prisoners' rights, the Supreme Court has, nevertheless, "'articulated for the federal courts a policy of minimum intrusion into the affairs of state prison administration; state prison officials enjoy wide discretion in the operation of state penal institutions.'" Smith v. Rabalais, 659 F.2d 539, 545 (5th Cir. 1981) (citations omitted). Determining the credibility of witnesses at the disciplinary hearing should be left to the discretion of the hearing officer. Hudson v. Johnson, 242 F.3d 534, 537 (5th Cir. 2001) (citing Rabalais, 659 F.2d at 545).

A federal court reviewing disciplinary hearing findings in a habeas corpus case should not disturb the findings unless it is shown the actions of the disciplinary hearing officer were arbitrary and capricious. Banuelos v. McFarland, 41 F.3d 232, 234 (5th Cir. 1995) (per curiam) (citing Rabalais, 659 F.2d at 545). A court should consider whether the decision was based on "'some facts,'" and "'whether any evidence at all'" supports the actions by the disciplinary hearing officer. Rabalais, 659 F.2d at 545 (quoting Willis v. Ciccone, 506 F.2d 1011, 1018, 1019 n. 11 (8th Cir. 1974)). The Fifth Circuit has held an officer's incident report written by an officer, with first hand knowledge, standing alone constituted "some" evidence to support the prison disciplinary board's finding of guilt. Hudson, 242 F.3d at 537.

The disciplinary hearing officer in Mr. Carroll's case based his decision on the charging officer's offense report, and the statement of the accused. DHR at 6. He found that Mr. Carroll failed to present any non-frivolous evidence at the disciplinary hearing. DHR at 6. Accordingly, the disciplinary hearing officer's finding of guilt should not be overturned based on insufficient evidence.

Mr. Carroll's claims fail to establish a violation of any constitutional right. He has failed to meet his burden to set forth material controverted facts supported by more than mere allegations raised in initial pleadings. Anderson, 477 U.S. at 248-49. Therefore, Mr. Carroll is not entitled to habeas relief.

## VII. RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that respondent's motion for summary judgment be granted. Mr. Carroll's petition for habeas relief should be dismissed with prejudice because his loss of thirty days of good-conduct credits is de minimis, and in the alternative, his due process rights were not violated, and therefore, his claims lack merit.

Respectfully submitted this 6th day of October 2005.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C), and Article IV, General Order No. 2001-6, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).